MAY E. VAN DYKE, appellant,

*v.*

JACOB C. VAN DYKE, respondent.

[Decided May 17th, 1926.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Ingersoll, who rendered the following opinion:

"This is on petition for divorce alleging adultery with one Emily Stevens during the years 1909 to 1923, inclusive.

"Emily Stevens, with whom the adultery was alleged to have occurred, was a young woman, who had, as a girl of about the age of fourteen years, been brought to the home to help in the care of the children and other services in the house, and had remained as a member of the family, at least,

about seventeen years. During, at least, the latter part of this time, she was employed elsewhere, but remained at and in the home and was treated as a member of the family, and, to some extent, at least, as were the children.

"Mrs. Van·Dyke's is the only testimony tending to show any familiarity between the defendant and the said Stevens. Two other witnesses testify to having seen them together upon the public streets. This, of course, is entirely insufficient to prove adultery.

"Neither Van Dyke nor Miss Stevens deny the charge, although she was upon the witness-stand. This has been held to be an important circumstance in corroboration of the testimony presented by the petitioner. *Bibby* v. *Bibby, 33 N. J. Eq. 56; Moyer* v. *Moyer, 81 Atl. Rep. 1111.*

"In both of these cases the testimony of the defendant's guilt was from the lips of others than the petitioner.

"Testimony was admitted in evidence that the co-respondent had confessed to misconduct with the defendant. At the time this statement of confession was admitted, it was stated by the court that it was not admitted as proof of the facts alleged, but for another purpose. It could not have been admitted as proof of guilt. *Howard* v. *Howard, 77 N. J. Eq. 186,* and cases there cited.

"It will be noticed that the petition charged adultery during each year for a period of fifteen years.

"This did not comply with rule 259 of this court, but the defendant preferred to meet the charges, and, after the testimony on behalf of the petitioner had been closed, an adjournment was taken to permit the defendant to present such defense as he might be advised to be necessary.

"The testimony on behalf of the petitioner did not prove adultery, and I am convinced that the solicitor of the petititioner was justified in his statement: 'I feel, if your honor pleases, that while I know the responsibility that I may be taking as counsel in this case, there is nothing here for the defense to meet, and I, therefore, rest.'

"There is no proof of adultery produced by the petitioner, and there is no sufficient corroboration of any acts sufficient for this court to say there was any criminal desire on the part of the defendant, although numerous opportunities existed to gratify such desire did it exist.

"A decree will be advised dismissing the petition."

*Messrs. Waddington & Matthews,* for the appellant.

*Mr. Edmund C. Gaskill, Jr.,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Ingersoll.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 14.

*For reversal*—None.